IN THE CIRCUIT COURT FOR THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE-COUNTY FLORIDA

CASE NO.:

CHRISTIAN COLLAZO and CHRISHUAN BRYAN,

    Plaintiffs,

v.

FLAMINGO MOTEL 26, LLC, a Florida limited
Liability company d/b/a THE FLAMINGO MOTEL,
YANIV NAKASH, an individual and SHIMSHON
TZUBELI, an individual,

    Defendants.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiffs, CHRISTIAN COLLAZO (hereinafter "COLLAZO") and CHRISHUAN BRYAN (hereinafter "BRYAN") by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, FLAMINGO MOTEL 26, LLC, a Florida limited liability company d/b/a THE FLAMINGO MOTEL (hereinafter "FLAMINGO"); YANIV NAKASH, an individual (hereinafter "NAKASH"); and SHIMSHON TZUBELI, an individual (hereinafter "TZUBELI"), (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

1

**JURISDICTION**

2. The damages sought herein exceed $30,000.

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, FLAMINGO operated a business enterprise (motel), respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Plaintiffs' work for Defendants involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—all manufactured outside the State of Florida.

5. During the relevant time period, each of the Defendants employed at least one other employee besides the Plaintiffs, who was "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

6. In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During the Plaintiffs' employment, they were required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiffs used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to

motel guests physically residing out-of-state.  The Plaintiffs also called their motel superiors in Israel.  Moreover, the Plaintiffs assisted in the operation of the Defendants' Facebook page, on which they would send and receive messages to prospective guests from throughout the United States.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity in Miami-Dade County, Florida

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in in Miami-Dade County, Florida

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in Miami-Dade County, Florida

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within Miami-Dade County, Florida

## PARTIES

10. At all times material hereto, Plaintiffs, COLLAZO and BRYAN were residents of Volusia County, Florida, and were "employees" of the Defendants within the meaning of the FLSA.

11. During all times set forth in this Complaint, FLAMINGO MOTEL 26, LLC was a Florida limited liability company doing business in Miami-Dade County, Florida.

12. At all times material hereto, the Defendants were conducting business in Volusia County, Florida.

13. At all times material hereto, Defendants were the employers of Plaintiffs, COLLAZO and BRYAN.

14. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution, and Section 448.110 Florida Statutes.

15. At all times material hereto, Defendants failed to pay Plaintiffs, COLLAZO and BRYAN wages in conformance with the FLSA.

16. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

17. At all times material hereto, FLAMINGO was an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

19. Plaintiffs has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

20. Commencing on or about November 15, 2018, Plaintiff, COLLAZO was hired by the Defendants to work at The Flamingo Motel in Daytona Beach, Florida. His employment with the Defendants ended on or about October 1, 2021.

21. Commencing on or about October 3, 2019, Plaintiff, BRYAN was hired by the Defendants to work at The Flamingo Motel in Daytona Beach, Florida. His employment with the Defendants ended on or about October 1, 2021.

22. As part of COLLAZO and BRYAN'S job duties, they were required to be on-premises and respond to motel guest issues late into the night and in the early morning hours.

23. While employed, COLLAZO and BRYAN operated Defendants' motel office, worked at the front desk/office, handled reservations, checked guests in/out, did housekeeping, made bank deposits, did room decoration, maintenance, cleaning, minor repairs, took payments, made/received telephone calls, assisted guests at all times of day and handled customer complaints, accounting, audit, handyman work, maintenance, pest control, lawn care and cutting trees.

24. The Defendants' motel was frequently visited by out-of-state residents. Because the Plaintiffs frequently worked in the Defendants' office, and because Defendants had Plaintiffs handled all guest calls/electronic inquires, the Plaintiff would regularly and recurrently each week, speak to motel guests (or prospective guests) who were outside the State of Florida, regarding motel business.

25. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

26. From about November 15, 2018 to October 1, 2021, COLLAZO worked about seven (7) days per week, about 17.25 hours per day as aforesaid, or about 120.75 hours per week, on average. COLLAZO would frequently begin his workday around 6:00 a.m. and work through to about 12:00 a.m., on average.

27. From about October 3, 2019 to October 1, 2021, BRYAN worked about seven (7) days per week, about 18 hours per day as aforesaid, or about 126 hours per week, on average. BRYAN would frequently begin his workday around 6:00 a.m. and work through to about 1:00 a.m., on average. BRYAN was entitled to the applicable minimum wage multiplied by the

number of hours he worked each week. Moreover, for each hour worked in excess of 40 per week, the Plaintiffs are entitled to the minimum wage rate multiplied by 1.5.

28. During the course of their employment, the Defendants paid the Plaintiffs zero wages, thereby failing to pay Plaintiffs the statutory minimum for each hour worked.

29. The Plaintiffs worked significant hours because they were involved in nearly every aspect of running the Defendants' motel, as aforesaid.

30. The Plaintiffs were responsible for the on-site security of the Defendants' motel premises.

31. During Plaintiffs', COLLAZO and BRYAN's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for their hours worked.

32. Even though Plaintiffs, COLLAZO and BRYAN worked in excess of forty hours per week, Defendants failed to pay them at the rate of time-and-one-half times the applicable minimum wage.

33. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiffs in conformance with the applicable law.

34. Defendant NAKASH was the owner and operator of FLAMINGO and was aware at all times that the Plaintiffs were being paid nothing for their work hours by Defendants. Therefore, he is personally liable for the FLSA violations.

35. Defendant TZUBELI was the co-owner and co-operator of FLAMINGO and was aware at all times that the Plaintiffs were being paid nothing for their work hours by Defendants. Therefore, she is personally liable for the FLSA violations.

36. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

37. Plaintiffs reallege Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

39. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

40. During the Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

41. From the period of November 15, 2018, to October 1, 2021, during which Plaintiff, COLLAZO, was paid no wages and worked 120.75 hours per week. He is owed the full federal minimum wage of $7.25 per hour for 17,991.75 hours (120.75 hours x 149 weeks).

42. From the period of October 3, 2019, to October 1, 2021, during which Plaintiff, BRYAN, was paid no wages and worked 126 hours per week. He is owed the full federal minimum wage of $7.25 for 12,978 hours (126 hours x 103 weeks).

43. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiffs.

44. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor of COLLAZO for all unpaid minimum wages due ($7.25 per hour multiplied by 17,991.75 hours);

b. judgment in their favor of BRYAN for all unpaid minimum wages due ($7.25 per hour multiplied by 12,978 hours hours);

c. liquidated damages;

d. attorneys' fees and costs pursuant to the FLSA;

e. post-judgment interest; and

f. all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

45. Plaintiffs, COLLAZO and BRYAN realleges Paragraphs 1 through 36 as if fully stated herein.

46. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

47. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours (Plaintiffs did not receive wages for their work).

48. From the period of November 15, 2018, to October 1, 2021, during which Plaintiff, COLLAZO, was paid no wages and worked 120.75 hours per week, he is owed the applicable Florida minimum wage for 17,991.75 hours (120.75 hours x 149 weeks). COLLAZO is entitled to the following Florida minimum wage rates: $8.25 in 2018; $8.46 in 2019; $8.56 in 2020 and $8.65 in 2021.

49. From the period of October 3, 2019, to October 1, 2021, during which Plaintiff, BRYAN, was paid no wages and worked 126 hours per week he is owed the applicable Florida minimum wage for 12,978 hours (126 hours x 103 weeks). BRYAN is entitled to the following Florida minimum wage rates: $8.25 in 2018; $8.46 in 2019; $8.56 in 2020 and $8.65 in 2021.

50. The Defendants acted willfully and maliciously in paying Plaintiffs below the minimum wage.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

    a. judgment in their favor of COLLAZO for $153.581.09 for Florida unpaid minimum wages due;

    b. judgment in their favor of BRYAN for $111,382.74 for Florida unpaid minimum wages due;

    c. Awarding Plaintiffs all back wages due and owing in the amount calculated above;

    d. Awarding Plaintiffs liquidated damages in the amount equal to her back wages;

    e. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    f. Awarding Plaintiffs prejudgment and post-judgment interest;

    g. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

51. Plaintiffs, COLLAZO and BRYAN realleges Paragraphs 1 through 36 as if fully stated herein.

52. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

53. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

54. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided for in the FLSA.

55. As set forth above, Plaintiff, COLLAZO, worked about 80.75 hours of overtime (hours in excess of 40) per week throughout his employment. Excluding the amounts owed for minimum wages above, the COLLAZO is owed overtime for about 120.75 weeks, or a total of 9,750.56 (80.75 hours x 120.75 weeks) overtime hours. For each overtime hour, COLLAZO is entitled to 1.5 multiplied by the applicable Florida minimum wage rates (which were $8.25 in 2018; $8.46 in 2019; $8.56 in 2020 and $8.65 in 2021).

56. As set forth above, Plaintiff, BRYAN, worked about 86 hours of overtime (hours in excess of 40) per week throughout his employment. Excluding the amounts owed for minimum wages above, the BRYAN is owed overtime for about 126 weeks, or a total of 10,836 (86 hours x 126 weeks) overtime hours. For each overtime hour, BRYAN is entitled to 1.5 multiplied by the applicable Florida minimum wage rates (which were $8.25 in 2018; $8.46 in 2019; $8.56 in 2020 and $8.65 in 2021).

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known

such was due. Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

58. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

59. Due to the willful, malicious and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

   a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;
   b. judgment in favor of COLLAZO for overtime in the amount of $51,370.71;
   c. judgment in favor of BRYAN in the amount of $38,028.34;
   d. Awarding Plaintiffs liquidated damages;
   e. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
   f. Awarding Plaintiffs post-judgment interest; and
   g. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiffs demands trial by jury on all issues so triable as of right by jury.

Date:  February 11, 2022.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com


By:     */s/ Peter J. Bober*
       PETER BOBER
       FBN:  0122955